■ SKEFFINGTON S. NORTON et al., Copartners Doing Business as NORTON, LILLY & COMPANY, Appellants, v. JOHN T. CLARK & SON, Respondent.— Plaintiffs appeal from an order denying their motion for summary judgment and granting defendant's cross motion for summary judgment, and from the judgment entered thereon dismissing the complaint on the merits. Defendant has succeeded by showing to the satisfaction of the court below that plaintiffs were acting as agents rather than as principals in certain transactions. The record on the motion and on this appeal is strongly in defendant's favor, but plaintiffs earnestly contend that they were acting as " terminal operators " and hence as principals rather than as agents in their dealings with defendant. This is the purport of their own affidavits in opposition to the motion for summary judgment. Although they have not supported their position on the motion with affidavits of those whom defendant claims were the principals, plaintiffs assert that supporting evidence from this source is available and will be presented on the trial. We find plaintiffs' opposing papers sufficient, although only barely so, to raise a triable issue and we are persuaded that plaintiffs should be given the opportunity to produce on a trial the other

**876**

evidence which they claim will support their position. We must comment critically, however, upon the failure of plaintiffs to make the stronger showing which they assert and concede might have been made in their opposing papers. The circumstances warrant the assessment against plaintiffs of costs on this appeal and of costs to date in the action, as a condition to relieving them from the judgment which has been entered. Judgment unanimously reversed, with costs of this appeal and of the action to date to the respondent, and the order upon which the judgment was entered, unanimously modified to the extent of denying defendant's cross motion for summary judgment and, as so modified, affirmed. Concur — Peck, P. J., Botein, Rabin, Cox and Valente, JJ. [See *post*, p. 966.]